complimented the police officer on what he had done and the job he had done and said that he would not have done anything differently but nevertheless found that there was not sufficient grounds to request a field sobriety test. The standard to review is the trial court's factual findings are given but the ultimate conclusion is reviewed de novo. In this case it is clear that the trial court accepted the officer's findings but found as a based upon a concern for nitpicking or cherry picking as well as the trial court found that the evidence was insufficient to request a field sobriety test. And I believe that using the de novo standard review with the test is whether the facts available to the officer at the moment of the seizure warrant a man of reasonable caution in the belief that the action take was appropriate. And I think the facts here were sufficient to take the precautionary step of requesting the sobriety test. The evidence showed that the officer smelled alcohol on the defendant's breath. The defendant admitted drinking two and a half IPAs which the officer knew to be a higher concentration of alcohol beers within the last 30 minutes. And the officer also said that the suspicion that the defendant was driving under the influence sufficient to request the tests, the field tests. Mr. Manchin, it appears that the parties agreed that there was a basis for the initial stop, the speeding. That's correct. But my question is when looking at the court granting the request to suppress the evidence, where do we start? Do we start from when the defendant or do we start from when the officer made contact with the defendant and that's when we're looking at as far as the determination that there was probable cause related to suspecting driving under the influence? You use the entirety of the situation which means including what happened before the stop. So that the whatever observations the defendant's driving before the stop what could be can be considered as far as this reasonable suspicion. Here the only observation was that the defendant was speeding and that he changed directions immediately upon seeing the officer. So it appears the trial court seemed to give the defendant credit for was that appropriate? That's appropriate. In order to find reasonable suspicion all of the indicia or indicators of intoxication are not necessary. You don't have to have weaving plus the breath plus the red eyes plus the stumbling. I don't understand your response Mr. Manchin. Maybe you can explain. Well I'm just let me let me okay flesh out the question. If you're saying that it's relevant that he doesn't see a number of factors like the court did? No I that is not what I'm saying. What I'm saying is that you can consider that but the fact that those that those indicia are not present does not mean that the officer was not acting reasonably based upon the initia and the the indicators that were present. So if if in fact there were indications of impaired driving that might be relevant to establishing a reasonable suspicion but their absence doesn't in and of itself establish that there is no reasonable suspicion does it? Yes that's exactly what I'm saying. That the so in reality do we really start at the beginning of the observation or do we start at the time he gets out of his vehicle and approaches the defendant? Because up to that point everybody agrees everything was perfectly appropriate. This is a clear probable cause stop for speeding. So until he approaches that vehicle does anything does anything in before that really involve itself in the equation as to what's a reasonable suspicion? About the only thing that would matter was the fact that the defendant turned immediately upon seeing the officer. That could be seen as evasion and adding to it but that I don't think adds much to the proceedings or the viewing of reasonable suspicion. The officer testified that he requested the field tests because of the observation the alcohol the defendant's admission of drinking within a short period of time and the condition of the defendant's eyes. And I submit that under the cases that are cited in my brief that that was in fact sufficient to take the minimal step of asking the defendant to take the tests. The officer's reasonable suspicion does not have to be more likely true than not. He doesn't have to have problem have to have probable cause or enough to convict. It's just reasonable suspicion and suspicion is defined as an imagination of anything to be the case or likely to likely or probable a vague notion of something. That's a definition of suspicion from the dictionary. And the indicators of glassy eyes, alcohol in the breath and the admission of reasoned drinking does give sufficient suspicion to take the initial step of with you to the breath tests. Now opposing counsel seems to suggest and I don't mean to put words in her mouth but opposing counsel seems to suggest that the trial court did not find portions of the officer's testimony credible and specifically I'm referring to when the trial court made the comment about the clear to him on the video. He did not state that he disbelieved the officer. He just said that his observation based upon the video was different than what the officer was describing. He did not say that he disagreed with the officer or that whether his view was based upon the lights that the officer was using rather than the police officers. He did not say I don't believe your claim that his eyes were glossy. I just said he just said my viewing of it was somewhat different. He did not say I disbelieve him and when you consider the fact that the how the court complimented the officer on what he did said he acted let me see it was on page 72 I believe yeah on page 77 of the record says that the officer was making good decisions and that he doubted that he would have done anything differently than the officer. If the standard is would a reasonable person take the action of the officer when the trial judge says I would have done the same thing I think that standard has been met and that the trial court's further finding that that concern for uh cherry picking. What does that mean? Well I'm not sure what the trial court meant by cherry picking other than my guess is that the trial court was concerned that the officer was picking and choosing between what indications of use of alcohol that he was going to rely on in asking for the tests. That's the only interpretation I can give of it that but I think that the factors that the truck that the officer relied upon do establish uh reason sufficient and I note that in people versus kelly which is cited in my brief the it's almost exactly the same situation a person stopped for speeding the that's the only thing that was shown was speeding the defense had no problem with the eyes no head problem with the dexterity no problems with speech but the court said that the officer would have been derelict in his duties if he had not chosen to conduct a further investigation based upon the smell of alcohol and the defendant's admission they had one glass of wine and I think that's almost exactly what we have here so I think submit that based upon a de novo review that the officer's request to take the field test was reasonable and was based upon sufficient articulable specific facts that showed that the defendant might be driving under the influence whether he was not right or not at that time is not the standard it's just whether he was justified in taking that additional step of asking for the field tests so I submit that the trial court's ruling should be uh reversed okay thank you counsel is patrice then is that correct that's correct here on this mattress please uh on behalf of napoli you may proceed may it please the court counsel my name is simone patrice your honors i'm from the office of the state appellate defender and i represent the appellee mahul patel in this manner your honors i want to begin by uh remarking on justice derman's question about the other factors well while it is true that the absence of other factors considering his driving don't discount the factors that the that the officer did reach in finding that there was reasonable suspicion that is not to say that those factors are not relevant in considering the totality of the circumstances because speeding um the fact that there was no drifting or weaving to suggest that he was impaired the fact that there was no erratic braking to suggest that he was impaired the fact that you put it on it you put it on it you put it on a teeter-totter saying that well if they don't have these things then for some reason his reasonable suspicion the value of his reasonable suspicion is less my question is although they may be relevant if they're present how is their absence in any way a detractor from the reasonableness of the officer's suspicions based on his other observations your honor i don't intend to uh make a teeter-totter of the these things i'm i'm just i'm my argument would be that the the factors that existed to the officer were not they weren't reasonable inference from the evidence and they weren't reasonable inferences based on what was in front of him in light of the video and the officer's own testimony so in that that respect the fact that the that the court remarked that from what it could see in the video his eyes appeared clear the state is taking is not considering the context of which in which those statements were made because the court is making those statements in the context of all the other personal contact factors putting aside the vehicle in motion the court is making observations about mr patel's person based on the officer's testimony and based on what it saw during the video but doesn't the court actually just list a bunch of things that aren't present and for some reason is troubled by what isn't present yes your honor because what isn't what isn't present is relevant and because that is not a those are rational inferences and the court is saying that these aren't rational inferences and it is entitled to make a totality of the circumstances and whether or not there were these were rational inferences from the evidence so i admit that it's not that the absence of those factors is means that there was no reasonable suspicion it's in the context of which it was said that it didn't find it was sufficient let me ask you then what you think it meant when the court is talking about that totality of circumstances and that's what is of greatest concern to the court that so many times in these cases as if somehow this case is now being considered in context with a bunch of other cases that don't have anything to do with it that so many times in these cases now that i'm finding is that i'm getting cherry picking and i see this happening again here what do you think that meant my view of that is that the court was making an implicit finding that the officer's testimony wasn't was not credible with regards to some of the observation he made because there would be no reason for the guy there would be no reason for the court to point out that his eyes appeared clear in the video if the court hadn't actually believed his eyes were clear that remark doesn't make sense unless he's making a determination of the officer's testimony that his eyes were glassy but the court's view of the video and combined when considering the officer's testimony it reaches a different conclusion when this question is such a death threats that's interesting because the very next sentence is and i'm glad the officer is in here because i think the officer did an excellent job but i'm concerned about the cherry picking that's going on and i'm still trying to really figure out what exactly that meant other than he then lists the various a list of observations of things that aren't present as if that is somehow detracting from the reasonableness of the officer's suspicion he then goes on to say i wouldn't have done anything different how is it you can find that the officer is doing an excellent job and that you would not have done anything differently however your stop was your your uh dui investigation wasn't proper your honor i submit that the the court what it's trying to explain is that that that the traffic stop for speeding was proper and that perhaps the questions he asked were proper however that they were not they were nevertheless not sufficient because the court was concerned that about cherry picking and i'm trying to find out what that means i i believe it means that in like that it didn't find the officer's testimony credible i believe that he's considered concerned about cherry picking in this case because in relation for instance in relation to the construction zone it was the officer's testimony and what he said to my client that he was speeding through a construction zone and the court explicitly you know that's brought up a lot and i'm trying to so well the the relevance is that the the police officer presented at excuse me during the hearing it was presented as if my client it further supports the idea that the officer's testimony testimony on these events was not entirely credible that i disagree with you the officer said that he was for me he he said there's construction on college street he knew that he knew that there was a construction zone area he just didn't know for sure whether the sign was up or down at that moment and he didn't know whether all of the uh pylons were up or down yes the sign is down some of the pylons are up and some are down so the officer says he knew there was a there was construction going on in that area whether in fact those those things were there or not he didn't really know for sure at that particular point in time how does that make him incredible especially in light of the fact that that's not even relevant to the stop but your honor the court did find it relevant to the stop because had my client been speeding through a construction zone or engaging in that sort of behavior and wasn't able to see such signage or able to see pylons that were arisen in the street that's a totally different situation and that would be another circumstance suggesting impairment because that would suggest my client was unaware counsel are we back to the fact that we don't have that that that somehow negates what we do have and that's a proper consideration the fact that oh well he didn't drive through a construction zone so that means he couldn't have been impaired no your honor it's that this is real this is important and these determinations are important not to indicate that there's the absence of other factors means there was no reasonable suspicion these are issues these were credibility determinations that were made by the court these were the court's factual findings that made after the hearing and whether the officer thought there was pylons up or down the court made it finding that it didn't see those pylons in the video and that my client's testimony in that was credible so it's not the department he said that the representations that he would accept the representation of counsel he didn't say your client's testimony was credible in fact he never used the term credible when talking about either the officer or the defendant sure your honor this is a an implicit finding because in evaluating reason whether there was reasonable suspicion it's not looked at in a vacuum it's the objective can't standard doesn't just including the the officer's findings and taking those out it taking those findings at its word it's evaluating the totality of the circumstances before the question about this let's assume for the moment that the officer's testimony is perceived as true and correct by us and by the court and as the trial court described it the officer explained that when he walked up to the driver of the car quote there appeared to be an odor of alcoholic beverage glassy eyes and admission to drinking even just stopped drinking 35 minutes ago and it was ipa which is typically stronger alcohol content than a regular beer is it your position that if these observations are all true and correct by the officer and believable that they taken together do not amount to sufficient reasonable suspicion to require the driver to do a field sobriety test yes your honor i still do not think that's insufficient for reasonable suspicion drinking alcohol is not illegal is not illegal or criminal activity drinking alcohol and then driving is not illegal activity and anyone who's had even a drink of alcohol is likely going to have the scent of alcohol on their person during the during the hearing it came out that he was at dinner during he was at he was excuse me at dinner with his brother there was no testimony unlike unlike the drinking three or four beers and then got into the vehicle that's not the testimony that was presented it was that he stopped drinking 35 the court made a determination that should be accorded to deference that that he stopped drinking 35 minutes before he got into the vehicle and then he and then at the time of that incident was 35 minutes later and there's these cases your honor and i do want to remark on this these cases are fundamentally distinguishable because there's a of alcohol and a strong odor of alcohol for instance one of the defendants and and bruni there was a faint there was only a faint odor of alcohol but it was coming from the passenger compartment so that was implying that the defendant was drinking while in the vehicle all of these cases are fundamental to conclude that uh he wants a field sobriety test to be done that was an unreasonable determination from these three facts odor of alcoholic beverage glassy eyes and admission to drinking that's unreasonable for the officer is that your position yes your honor i i do not believe that's enough and what you are also uh what the trial court did here that you are defending is the court suppressed this evidence the court determined that the exclusionary rule applies to bar the admissibility of this evidence isn't that correct that's correct the fourth district has written in the past that absent police misconduct the exclusionary rule doesn't apply what was the police misconduct in this case your honor it's not my understanding i i my understanding is that it's it's the the uh standards of review or whether it's events the trial court's findings are against manifest weight in the evidence and whether the ultimate ruling to suppress was warranted and i i don't that was correct was it was this decision on these facts legally correct how can it be legally correct absent any police misconduct and frankly as uh my colleagues have pointed out the absence of police misconduct in this record appears particularly stark when the trial court complimented the officer on what he did saying i would have done the same thing given that situation how can we conclude as a necessary threshold that there's any police misconduct which the exclusionary rule is designed to deter but your honor it's not perhaps it's not to the level of police misconduct but i i i insist that i did find that the court did find excluding evidence under the exclusionary rule excluding evidence because it wasn't it was the evidence was suppressed because there was not enough there was not reasonable suspicion to to warrant the the extension of this stop to conduct field sobriety testing and it is because the court did make credibility determinations all the cases cited by the state are distinguishable in two fundamental ways they they either have the strong odor of alcohol mr patel wasn't confused or disoriented there was nothing suggest his and the court did make a remark that his eyes appeared clear and this has to be considered in the context of which it was said and that even if in the court is essentially saying that even if you take those three factors it these were not rational inference from the evidence and this isn't in that decision or these are factual findings made by the court that should be afforded court of deference by this court no the factual the the ultimate conclusion is for us to review de novo we can accept the court's historical facts but uh this ultimate conclusion is not something we're stuck with one other thing i want to ask you here about this uh you're not challenging the stop of the vehicle are you no your honor okay so essentially what you're doing is you're challenging by a claim of unduly prolonging the stop that the officer asked to perform a field sobriety test and that that was in violation of the fourth amendment is that correct correct yes how long did the field sobriety test take your honor took about 35 minutes but that's i'd submit that that isn't exactly the the issue the trial court was only in view of what happened for the first eight minutes of both the dash cam video and the body cam video so what happened afterwards wasn't an issue presented i got you to answer my question my question was how long did the field sobriety test take that is you believe about 30 minutes it took them 30 minutes to go through a field sobriety test i believe the entire the entire video is 30 to 40 minutes well see i didn't ask you how long the entire video was my question was how long was the field sobriety test from the time the officer said get out of the car and do a field sobriety test until he completed your honor i'm not aware of the exact time but that's in effect the only area where your claim is the trial court found that the officer abused the defendant's rights by prolonging the stop for however long that was isn't that correct no your honor it's my argument isn't resting on arguing that it unreasonably prolonged stop in terms of the timing the argument rests on whether there was reasonable suspicion to extend the stop in the first place and the argument is that once the officer returned to his vehicle with my client's driver's license and ish and i you can see he writes the ticket that that was the end of this that should have been the completion of the stop and that there was not a reasonable suspicion of a dui in this case to warren retaining his license and asking him to on someone's liberty under the fourth amendment to ask him to step out for a field sobriety test then the initial stop of a car driving on the highway itself well yes your honor but fourth amendment protections would be undermined if everyone who came from a restaurant and had a drink of alcohol could be and can happen to conduct commit any sort of traffic expense excuse me offense such as speeding could be pulled over and then be conducting the de minimis nature of extending a stop by asking someone to step out and perform a field sobriety test in comparison to stopping a vehicle which is otherwise dropped driving on the roadway shouldn't our assessment of the alleged violation be ratcheted down as well i respectfully disagree your honor i believe that it's only relevant what happened what are whether these factors were reasonable were warranting reasonable suspicion of whether they were sufficient i don't believe that the length i i don't dispute we don't dispute that it did take a short time and even that it's a five-minute interaction before he's asked to exit the vehicle so it's not that it was unlawfully extended to and for instance ask too many questions or let me return once more and i'll finish my questions i just want to ask once again it was uh this court wrote 10 years ago that absent police misconduct the exclusionary doesn't apply are you uh characterizing what the officer did in this case by asking the driver to get out of the car for the field sobriety test as police misconduct your honor i i'm not familiar with police misconduct or that exact role you're citing to and i'd be happy to offer a supplemental briefing on that exact well just as a matter of our mother tongue which is english does it strike you as being police misconduct when he asked them to get out of the car under these circumstances for a field no your honor but it doesn't make it doesn't i respectfully like to admit that it doesn't make a difference because if there there has to be enough reasonable suspicion and the court simply found that there wasn't enough reasonable suspicion in this case and made those credibility determinations of this case okay anything further no your honor and if there are no further questions we ask that this court affirm the trial court's ruling granting mr patel's motion to suppress okay thank you counsel mr mansion you have any rebuttal i do have an answer to your question regarding the length of the testing the defendant was asked to in it about 22 minutes into the stop so about 13 minutes for the testing itself what did it consist of uh there was the uh walk and turn test the uh uh flashlight the eyes test i can't remember what the name of that one is the uh lifting your foot test um i've uh i believe those were the let's see yeah i think that was that was it it was the eye test the walk and turn and the lifting the foot there so there's three tests the officer demonstrated each of the uh the walk and turn and the foot lift before you had the defendant do it uh the trial court's ruling was based solely upon the request to take the test the trial court did not consider anything that happened after the eighth minute and said that just the requests for the test amounted to a fourth amendment violation so the trial court's judgment it was maintaining that the information before the trial before the officer which the trial court said described wasn't enough to constitute reasonable suspicion for the field sobriety test that's what the trial court found yes the trial court did not consider how the defendant performed on the tests or anything like that he just said i'm only going to consider the first eight minutes of the tapes and there was two there was the uh camera from the uh police car and the shoulder cam that basically showed the same thing uh just in closer detail with the shoulder cam so it was after the completion of the test that the officer uh charged him with the ui that's correct okay but the trunk the trial court never reached the question of whether that ultimate arrest was correct he just simply said you can't ask based upon the same action i would have taken you cannot ask the defendant to take a field sobriety test okay you have anything further mr mansion no i just agree with you mr judge jarman that when the trial court says you did a great job and i would have done the in that position could have a suspicion that the defendant was driving under the influence based upon the smell of alcohol the admission of uh recent drinking and the condition of the defense eyes okay well thank you uh mr manager thank you miss mattress i appreciate your arguments counsel we will uh take this matter under advisement and stand in recess